UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: _____

LORNA ALEXANDER,

    Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.,
a foreign corporation, MARRIOTT
SENIOR LIVING SERVICES, INC., a
foreign corporation,

    Defendants.
_____/

**01-7732**

**CIV-HIGHSMITH**

MAGISTRATE JUDGE
GARBER

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

    Plaintiff, Lorna Alexander, sues defendants, Marriott International, Inc. and Marriott Senior Living Services, Inc., and alleges:

### Introduction

    1.    This is a race discrimination suit brought by Lorna Alexander, who was employed as Director of Health Services at Tiffany House, a licensed assisted living facility operated in Ft. Lauderdale, Florida, by Marriott Senior Living Services, Inc. a division of Marriott International, Inc. (referred to collectively as "Marriott")  Alexander contends that, **One**, she was terminated from her position after it was eliminated and not reassigned elsewhere because



Amlong &
Amlong, P.A.



of her race even though her then-supervisor assured her that she would be reassigned within the Marriott organization; and, **Two**, Marriott failed to hire her because of her race for approximately eleven positions within the Marriott organization for which she applied after learning that her position would be eliminated and for which she was qualified. Alexander seeks damages, including punitive damages, injunctive relief, attorneys' fees and litigation expenses pursuant to 42 U.S.C. §§ 1981 and 1988, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq., and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

## Jurisdiction and Venue

2.  This action arises under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. Jurisdiction is founded on 42 U.S.C. § 1988, 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. §§ 1988 and 2000e-5(f)(3). The court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law claim.

3.  Venue is proper in the Fort Lauderdale Division of the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(2), 42 U.S.C. § 2000e-5(f)(3) and Local Rules for the Southern District of Florida 3.1 and 3.4, because the claim arose there and because Alexander, at all times material, performed her job functions as Director of Health Services at Tiffany House in Fort Lauderdale, Florida.

## Parties

4.  Plaintiff, Lorna Alexander ("Alexander"), at all times material, was Director of Health Services at Tiffany House for Marriott Senior Living Services, Inc. a division of Marriott International, Inc. until her termination on or about August 10, 1999. Alexander is protected by 42 U.S.C. § 1981, Title VII and the Florida Civil Rights Act of 1992 because of her race, i.e., black.

5.  Defendant, Marriott Senior Living Services, Inc., a Maryland corporation, is a division of Marriott International, Inc., a Maryland corporation. Marriott International, Inc. issued checks to pay Alexander's salary and set policies that governed Alexander's employment. Each corporation does business in the State of Florida, in an industry affecting commerce, and is an "employer" as envisioned by 42 U.S.C. § 2000e(b) and § 760.02(7), Fla. Stat. (1997).

## Compliance with Procedural Requirements

6.  On or about February 10, 2000, Alexander filed Charges of Discrimination with the EEOC and the FCHR which stated in relevant part:

> I am a Black female registered nurse and from February 9, 1998 until August 9, 1999, when my position was eliminated, I was employed as the Director of Health Services at Tiffany House, a licensed assisted living facility operated in Fort Lauderdale, Florida by the Marriott Senior Living Services division of Marriott International, Inc. I was assured by my then-supervisor, Melinda Skerwin, that I would be reassigned elsewhere within the Marriott organization.
>
> Statement of personal harm: Upon learning my position was being eliminated, I posted for at least eleven positions for which I was qualified in the Marriott system both in South Florida and nationwide, including a position as Assisted Living Manager at Tiffany House. I was not selected for any of the positions for which I applied. The Assisted Living Manager position at Tiffany House was filled by a white female LPN with no previous experience.

> Employer's reasons: I was given various vague reasons for not being hired into any of the open positions. Some of the openings were rescinded after I applied. I was told I could not be hired for the Tiffany position unless I took a pay cut although my salary fell within the designated range. I never received a response concerning other positions.
>
> Statement of discrimination: Having observed the Marriott staff at Tiffany House and at other Marriot facilities and functions which included employees from around that nation, I have noticed few Black managers. For example, there are over 400 assisted living managers in the US and less than 10% are Black, which is the reverse of the "on line" staff. I believe that Marriott systemically discriminates against Blacks, including myself, precluding us from management positions, in violation of my rights under Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992, § 760.01, et seq.

Alexander adopts those allegations as part of this Complaint.

7. On August 14, 2001, the EEOC issued Alexander a Notice of Suit Rights. Alexander has filed suit within 90 days of her receipt of that Notice.

8. More than 180 days have passed without the FCHR either conciliating the Charge of Discrimination or making findings adverse to Alexander, the lapsing of which 180 days entitles Alexander to initiate a civil action.

## General Allegations

9. On or about February 9, 1998, Marriott hired Alexander as Director of Health Services at Tiffany House.

10. Alexander was, at all times material, qualified for her position as Director of Health Services at Tiffany House, and was performing her job satisfactorily.

11. In early 1999, Alexander was informed that her position would be eliminated.

12. Although Alexander's supervisor assured Alexander that she would be reassigned elsewhere within the Marriott organization, Alexander was not.

13. Upon learning that her position would be eliminated, Alexander applied for approximately eleven positions for which she was qualified within the Marriott organization in South Florida and nationwide, including:

   a. Assisted Living Manager at Park Summitt;

   b. Director of Health Services at Deer Creek;

   c. Director of Health Admissions at Deer Creek;

   d. Director of Sales at Deer Creek;

   e. Assistant General Manager at Courtyard, Plantation;

   f. Director of Sales, Naples;

   g. Regional Director Health and Wellness (two positions);

   h. Director of Community Relations at Tiffany House;

   i. Assisted Living Manager at Tiffany House;

   j. Assisted Living Manager at Brighton Gardens; and

   k. Director of Nursing at Deer Creek.

14. Marriott, however, failed to hire Alexander for any of those positions, and instead either:

   a. did not respond to Alexander's application;

   b. gave the position to a less qualified non-black applicant;

   c. rescinded the position after Alexander applied;

   d. gave Alexander a vague reason for not hiring her for the position; or

  e. told Alexander that she was the preferred person for the position but could not offer her the position without a salary cut, although her salary fell within the designated salary range.

  15. The treatment to which Marriott and its agents subjected Alexander was based upon her being black.

  16. The actions of Marriott, affected Alexander in the "compensation, terms, conditions and privileges of employment."

  17. As a direct result of the conduct of Marriott and its agents, Alexander has suffered injuries for which she is entitled to compensation, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

  18. Alexander, by being discriminated against is suffering irreparable harm for which there is no plain, adequate or complete remedy at law.

  19. The conduct of Marriott was willfully carried out by Marriott's agents acting in a managerial capacity with malice and/or reckless indifference and is devoid of any good-faith effort to comply with the mandates of federal law, thus entitling Alexander to an award of exemplary damages to punish and to deter Marriott and others from such conduct in the future.

  20. Alexander is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988(b) and § 760.11(5), Florida Statutes.

21.  Marriott, through the actions of its agents, interfered and continues to interfere with Alexander's right to make and enforce contracts, as envisioned by 42 U.S.C. § 1981.

### Count I — Race Discrimination under 42 U.S.C. § 1981

22.  Alexander realleges and adopts, as if fully set forth in this Count, all of the allegations of paragraphs 1, 2, 3, 4, 5, 6 and 9 through 21 above.

23.  The acts more specifically alleged in paragraphs 1, 6 and 11 through 14, violate Alexander's rights under 42 U.S.C. § 1981 to make and enforce contracts without regard to race.

WHEREFORE, Alexander prays that this Court will:

a.  issue a declaratory judgment that Marriott's practices against Alexander violated Alexander's rights under 42 U.S.C. § 1981;

b.  enjoin Marriott from continuing to engage in such unlawful employment practices;

c.  enter a judgment for Alexander and against Marriott for damages, including punitive damages;

d.  grant Alexander such other and further relief as the circumstances and law require and/or provide, including but not limited to, back wages and benefits, seniority and prospective relief, including front pay; and

e.  grant Alexander her costs, litigation expenses and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## **Count II — Race Discrimination under Title VII**

24. Alexander realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1 through 20 above.

25. The acts more specifically alleged in paragraphs 1, 6 and 11 through 14 above, constitute race discrimination, as proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(a).

WHEREFORE, Alexander prays that this Court will:

a. issue a declaratory judgment that Marriott's practices against Alexander violated Alexander's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.;

b. enjoin Marriott from continuing to engage in such unlawful employment practices;

c. enter a judgment for Alexander and against Marriott for damages, including punitive damages;

d. grant Alexander such other and further relief as the circumstances and law require and/or provide, including but not limited to, back wages and benefits, seniority and prospective relief, including front pay; and

e. grant Alexander her costs, litigation expenses and reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

## **Count III**

## **Race Discrimination under the Florida Civil Rights Act of 1992**

26. Alexander realleges and adopts, as if fully set forth in this Count, all of the allegations in paragraphs 1 through 20 above.

27. The acts more specifically alleged in paragraphs 1, 6 and 11 through 14 constitute race discrimination, as proscribed by the Florida Civil Rights Act, § 760.10(1)(a), Florida Statutes.

WHEREFORE, Alexander prays that this Court will:

   a. issue a declaratory judgment that Marriott's practices against Alexander violated Alexander's rights under Chapter 760, Florida Statutes;

   b. enjoin Marriott from continuing to engage in such unlawful employment practices;

   c. enter a judgment for Alexander and against Marriott for damages, including punitive damages;

   d. grant Alexander such other and further relief as the circumstances and law require and/or provide, including but not limited to, back wages and benefits, seniority and prospective relief, including front pay; and

   e. grant Alexander her costs, litigation expenses and reasonable attorneys' fees pursuant to § 760.11(5), Florida Statutes.

## Demand for Jury Trial

Alexander demands trial by jury for all issues so triable.

Dated: November 13, 2001

Respectfully Submitted,

Amlong & Amlong, P.A.
Attorneys for Plaintiff
500 Northeast Fourth Street, Second Floor
Fort Lauderdale, FL 33301-1154
(954)462-1983

_____
KAREN COOLMAN AMLONG
Florida Bar No: 275565

_____
WILLIAM R. AMLONG
Florida Bar No: 470228

_____
JENNIFER DALEY
Florida Bar No: 856436

I:\CPWin\HISTORY\010920A\788.56

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

01-7732

CIV-HIGHSMITH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
LORNA ALEXANDER

**DEFENDANTS**
MARRIOTT INTERNATIONAL, INC, a foreign corporation, MARRIOTT, SENIOR LIVING SERVICES, INC., a foreign corporation, MAGISTRATE JUDGE GARBER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

1) Broward  0:01cv7732 SH/BLG

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Karen Coolman Amlong, Esq. (954) 462-1983
500 N.E. 4th Street, Ft. Lauderdale, FL 33301

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. §§ 1981 and 1988, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: November 13, 2001

SIGNATURE OF ATTORNEY OF RECORD
Jennifer Daley 856436
Karen Coolman Amlong, Esq. / Jennifer Daley

FOR OFFICE USE ONLY
RECEIPT # 523734   AMOUNT 150.00   APPLYING IFP 11-13-01   JUDGE _____   MAG. JUDGE _____